# United States Court of Appeals
# for the Fifth Circuit

────────────

No. 24-20243
Summary Calendar

────────────

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES AUBREY ZACHARY WASSON,

*Defendant—Appellant*.

────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-284-1

────────────────────────────

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

James Aubrey Zachary Wasson pleaded guilty, pursuant to a conditional-plea agreement, to sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court sentenced him to, *inter alia*, 360-months' imprisonment. He challenges the denial of his

───────────────────

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

motion to suppress statements he made to police following his arrest, contending his waiver of *Miranda* rights was involuntary.  At the hearing on the motion, evidence, including testimony by three law-enforcement agents and the recording of the interrogation, was presented.

When reviewing the denial of a suppression motion, the district court's legal conclusions are reviewed *de novo*; its factual findings, for clear error.  *E.g.*, *United States v. Carrillo*, 660 F.3d 914, 922 (5th Cir. 2011). Whether defendant validly waived his "*Miranda* rights is a question of law reviewed de novo, but this court accepts the factual conclusions underlying the district court's legal determination unless they are clearly erroneous". *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005) (citation omitted).  In that regard, when, as in this instance, the district court bases a finding of voluntariness on "the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the [court] had the opportunity to observe the demeanor of the witnesses".  *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002).  Moreover, we view the evidence in the light most favorable to denial of the suppression motion.  *E.g.*, *United States v. Alvarado-Palacio*, 951 F.3d 337, 340 (5th Cir. 2020) ("The evidence must be viewed in the light most favorable to the prior prevailing party[.]").

Under the Fifth Amendment, "no person shall be compelled in any criminal case to be a witness against himself".  *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (citation omitted). Accordingly, a suspect in custody "must be warned prior to any questioning" of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), including the right to remain silent.  *Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010) (citation omitted). A suspect may waive his *Miranda* rights if the waiver is made voluntarily and knowingly and intelligently. *See Cardenas*, 410 F.3d at 292–93.  Wasson does not contend his waiver was not made knowingly and intelligently.  Therefore, we only address voluntariness *vel non*.

No. 24-20243

"The voluntariness determination is made on a case-by-case basis and is viewed under the totality of the circumstances surrounding the interrogation." *Id.* at 293. The waiver "must have been voluntary in the sense that it was" not the product of "intimidation, coercion, or deception". *Id.* (citation omitted). Moreover, there must be a causal connection between the coercive conduct and the confession to justify suppression. *See id.* at 294.

Along that line, Wasson contends his confession was the result of intimidation, coercion, and deception. Regarding the claimed intimidation and coercion, he points to, *inter alia*: his being arrested at gunpoint; the number of agents involved in his arrest and questioning; the non-public venue of the interrogation; and his fraught mental state during questioning. And, regarding deception, he maintains the confession resulted from it because the lead interrogator referenced a parole warrant (rather than the conviction offense) both before and after Wasson was *Mirandized*, thereby minimizing the severity of the subject matter of the interrogation. Considering the totality of the circumstances, and for the reasons that follow, Wasson's confession was voluntary. *See id.*

Importantly, the entire interrogation was recorded, and the district court noted that, contrary to Wasson's assertion that he was "physically and mentally overpowered" during his interrogation, the audio recording shows "the agents repeatedly attempt[ing] to calm Wasson down and assure him that 'no harm has come to [him] and no harm will come to [him].'" (Concerning "no harm", Wasson responded, "I'm not worried about that".) The tenor of the interrogation does not support Wasson's assertion that coercive and intimidating tactics were used.

Relatedly, Wasson fails to establish a causal connection between his arrest at gunpoint and his confession 30 minutes later. *See id.* at 294. The recording shows that, during the interim between his arrest and confession,

3

the lead interrogator removed the handcuffs, agreed to question Wasson in his own home, and calmly questioned him. Additionally, his contentions regarding the number of agents involved and the non-public venue of his interrogation are unavailing. *E.g.*, *United States v. Hearn*, 563 F.3d 95, 104 (5th Cir. 2009) (confession obtained in parking garage after escorting defendant from parking lot not result of intimidation, coercion, or deception); *Cardenas*, 410 F.3d at 296 (presence of three agents conducting an interrogation does not weigh against finding of voluntariness).

Moreover, to the extent Wasson contends his distressed mental state during the interrogation undermines the voluntariness of his confession, "this fact does not justify a conclusion that a defendant's mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional voluntariness". *Carter v. Johnson*, 131 F.3d 452, 462 (5th Cir. 1997) (citation omitted).

Finally, turning to Wasson's deception-contention, "[a] suspect's waiver of Miranda rights is not invalid merely because [authorities] did not advise him of the subject matter of the upcoming interrogation". *Barnes v. Johnson*, 160 F.3d 218, 223 (5th Cir. 1998). Additionally, "trickery or deceit is only prohibited to the extent that it deprives the defendant of knowledge essential to his ability to understand the nature of his rights and the consequences of abandoning them". *United States v. Bell*, 367 F.3d 452, 461 (5th Cir. 2004). Not only was Wasson arguably on notice pre-*Miranda*-warning that the interrogation included subject matter beyond his parole warrant, but also, the lead interrogator clearly advised Wasson of his rights and confirmed his understanding of them multiple times. In short, any claimed "trickery or deceit" was unrelated to Wasson's "ability to understand the nature of his rights and the consequences of abandoning them". *Id.*

No. 24-20243

Viewing the evidence in the requisite light most favorable to the Government as the prevailing party, *see Alvarado-Palacio*, 951 F.3d at 340, and because Wasson voluntarily waived his *Miranda* rights, the district court did not err in denying his motion to suppress his resulting confession. *See Cardenas*, 410 F.3d at 292–93.

AFFIRMED.